IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL A. LOISEAU,

    Petitioner,

v.                                                       Civil Action No. 3:15CV191

JAMES V. BEALE,

    Respondent.

**MEMORANDUM OPINION**

Petitioner, Michael A. Loiseau, a Virginia prisoner proceeding pro se, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his drug kingpin and racketeering convictions. On May 7, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss the successive § 2254 Petition for want of jurisdiction. Loiseau has filed objections.

**I. REPORT AND RECOMMENDATION**

The Magistrate Judge made the following findings and recommendations:

> This Court previously dismissed a § 2254 Petition from Loiseau concerning these convictions. Loiseau v. Clarke, 3:12CV580 (E.D. Va. July 26, 2013) (ECF Nos. 24, 25).
>     The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted

by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Loiseau has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging these convictions, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, it is RECOMMENDED that the action be DISMISSED FOR LACK OF JURISDICTION.

(Report and Recommendation entered on May 7, 2015 (alteration in original.)

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. LOISEAU'S OBJECTIONS

First, Loiseau objects that the Court should not have treated his action as a 28 U.S.C. § 2254 petition because he filed it on the forms for filing a 28 U.S.C. § 2241 petition. The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, capias, habeas corpus . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Louiseau seeks to challenge his state court convictions.[1] "[C]ourts in this district have concluded that a § 2254 petition is the appropriate procedural vehicle for 'individuals in custody pursuant to the judgment of a State court.'" Trisler v. Mahon, No. 3:09cv167, 2010 WL 772811, at *3 (E.D. Va. Mar. 3, 2010) (some internal quotation marks omitted) (quoting Huff v. Virginia, No. 3:07cv00691, 2008 WL 2674030 at *2 (E.D. Va. July

---

[1] Loiseau disingenuously suggests that he only challenges his state post-conviction proceedings, but not his underlying state convictions. This is not true. In his habeas petition, Loiseau "claims that he is unlawfully detained because the circuit court did not have personal nor sovereign jurisdiction for which to prosecute him . . . ." (Pet. 4(d).)

3

7, 2008)). Thus, the Court properly characterized Loiseau's habeas action as one pursuant to 28 U.S.C. § 2254.

Next, Loiseau contends that the Court erred in recharacterizing his habeas petition without following the procedures set forth in Castro v. United States, 540 U.S. 375 (2003). Castro's procedure for recharacterizing a federal habeas action does not apply to successive applications for habeas relief. "A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so Castro's warn-and-allow-withdrawal approach does not apply." United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005) (citing Melton, 359 F.3d at 857). Loiseau's second objection will be overruled.

The Report and Recommendation will be accepted and adopted. The action will be dismissed for want of jurisdiction. Loiseau's "MOTION FOR ORDER COMPELLIN[G] DISCLOSURE OR DISCOVERY" (ECF No. 6) will be denied. The Court will deny a certificate of appealability.

The Clerk is directed to send Loiseau a copy of this Memorandum Opinion.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: July 17, 2015
Richmond, Virginia

4